IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **ESTATE OF RICHARD MCKENNEY,** by and through Cynthia McKenney Craft, as representative of the estate; **CYNTHIA MCKENNEY CRAFT,** as surviving spouse,<br><br>                              Plaintiffs,<br><br>v.<br><br>**UNITED STATES OF AMERICA, DEPARTMENT OF THE AIR FORCE,**<br><br>                              Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:19-CV-151-DAK-JCB<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Jared C. Bennett |

This matter is before the court on Defendant United States of America's Motion to Dismiss, in part, for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) or, alternatively, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) [ECF No. 9]. The motion is fully briefed and the court determines that a hearing would not significantly aid in its determination of the motion. Having fully considered the parties' written submissions and the law and facts related to the motion, the court enters the following Memorandum Decision and Order.

## BACKGROUND

Because this case is before the court on a motion to dismiss, the court accepts all well-pleaded facts from Plaintiffs' Complaint as true and views such facts in the light most favorable

to Plaintiffs. *Acosta v. Jani-King of Oklahoma, Inc.*, 905 F.3d 1156, 1158 (10th Cir. 2018). In 1999, Richard McKenney began working as a civilian employee of the United States Air Force at Hill Air Force Base. One of McKenney's job responsibilities was to use high pressure abrasive medium to remove paint from aircraft. Despite following all required protocols during this work, McKenney was exposed to cadmium, chromium 6, and other substances on a frequent and long-term basis.

McKenney was diagnosed with cancer in October 2015. McKenney's doctors opined that there was a causal connection between McKenney's cancer and his exposure to cadmium and chromium 6. McKenney applied for and received benefits for a work-related occupational disease from the Department of Labor, Office of Workers' Compensation Programs ("OWCP"), which oversees the federal workers' compensation program under the Federal Employee Compensation Act ("FECA").

McKenney died as a result of his cancer on August 9, 2017. His surviving spouse, Plaintiff Cynthia McKenney Craft, then applied for and received surviving spouse benefits from OWCP.

Craft filed an administrative claim with the Air Force seeking $5000 in property damage and $225,000 in personal injury and wrongful death damages tied to McKenney's death. Craft alleges that McKenney brought home hazardous media on his clothes, which required her to clean or replace her car, beds, bed linens, clothing, furniture, washer and dryer, and the house's carpets, floors, and duct work. Craft also claims that she suffered stress and severe emotional distress. The Air Force denied her claim.

Because the FECA benefits did not compensate McKenney's estate and Craft for other


losses and damages, Craft filed this action against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C.A. § 2671, on her own behalf and as representative of McKenney's estate. Craft seeks the value of the personal property rendered unusable, damages for financial stress, physical and psychological distress, pre- and post-judgment interest, and attorneys' fees and costs.

## DISCUSSION

The United States moves to dismiss most of Plaintiffs' Complaint for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure and failure to state a claim upon which relief may be granted under Rule 12(b)(6).[1] Specifically, the United States argues that dismissal is appropriate because 1) the only claims Craft properly exhausted through her administrative claim with the Air Force before bringing this suit are personal injury and wrongful death claims for McKenney's illness and a $5000 property damages claim; 2) FECA's exclusive remedy clause removes the court's subject matter jurisdiction over the personal injury and wrongful death claims; and 3) there is no analogous private liability for the personal injury and wrongful death claims based on McKenney's illness and death because Utah's Occupational Disease Act and Workers' Compensation Act would bar those claims against a private employer.

Plaintiffs acknowledge that the United States' motion requires a foray into the intricacies of the FTCA and FECA. Under the FTCA, Congress waived the United States' sovereign

---

[1] The United States does not move to dismiss Plaintiffs' claim for damage to personal property, but asserts that those damages are limited to $5000 under 28 U.S.C. § 2675(b) because that is the amount Plaintiffs sought for damage to personal property in the administrative claim to the Air Force.

immunity for certain tort claims based on the negligent or wrongful acts of federal employees and provided a process for bringing such claims. First, Congress required plaintiffs to present the claims to the relevant federal agency before filing suit. 28 U.S.C. § 2675. The administrative claim must "afford[] the agency sufficient information to determine whether Plaintiff's claim [i]s realistic or settleable." *Bradley v. United States*, 951 F.2d 268, 271 (10th Cir. 1991). The administrative claim must specify an amount sought and the subsequent lawsuit "shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency," except for "newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts." 28 U.S.C. § 2675(b).

In addition, Congress limited the scope of tort claims that could be brought under the FTCA. Congress waived sovereign immunity only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id* §§ 1346(b)(1), 2674. The FTCA's reference to the "law of the place" means the law of the state. *FDIC v. Meyer*, 510 U.S. 471, 478 (1994). Therefore, state law is the source of substantive liability under the FTCA and the United States may avail itself of any defenses available under the substantive state law. *Id.*; *Nationwide Mut. Ins. Co. v. United States*, 3 F.3d 1392, 1396 (10th Cir. 1993).

In this case, Plaintiffs bring tort claims under the FTCA for wrongful death and property damages. However, those claims under the FTCA may implicate and may be limited by the Federal Employee's Compensation Act ("FECA"), 5 U.S.C. § 8116©. FECA is a comprehensive workers' compensation scheme whose remedy is exclusively administrative. "The United States

shall pay compensation as provided by [FECA] for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty." *Id.* § 8102(a). FECA provides "the principal compromise–the 'quid pro quo'–commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government." *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 194 (1983). Therefore, where FECA applies, "[t]he liability of the United States . . . is exclusive and instead of all other liability . . . because of the injury . . . under a Federal tort liability statute." 5 U.S.C. § 8116©. Accordingly, "FECA . . . [i]s 'a substitute for the whole of the claim that, but for it, would have arisen under the Tort Claims Act.'" *Spinelli v. Goss*, 446 F.3d 159, 161 (D.C. Cir. 2006) (quoting *Balancio v. United States*, 267 F.2d 135, 137 (2d Cir. 1959)).

To the extent that Plaintiffs claim that there are remedies available to them under the FTCA in addition to the FECA benefits, the court looks to state substantive law. If the United States were a private employer in the State of Utah, the personal injury and wrongful death claims based on McKenney's illness and death would be governed by Utah's Occupation Disease Act ("UODA"), which created a workers' compensation type program for occupational diseases that had previously been excluded from Utah's workers' compensation scheme. The UODA applies to "any disease or illness that arises out of and in the course of employment and is medically caused or aggravated by that employment." Utah Code Ann. § 34A-3-103. The UODA incorporates Utah's Workers' Compensation Act's ("UWCA") exclusive remedy provision, which provides that "the liabilities of the employer imposed by this chapter is in place of any and all other civil liability whatsoever, at common law or otherwise, to the employee or to

the employee's spouse." *Id*. § 34A-3-102(3), § 34A-2-105(1).

In applying these statutory schemes to this case, Plaintiffs' claims are limited to the claims and damages sought in the administrative claim. Plaintiffs' administrative claim specified $5000 for property damage and $225,000 for personal injury and wrongful death based on McKenney's illness and death. Plaintiffs' claim for emotional distress damages does not specify the cause of those damages. To the extent that Plaintiffs' claim for emotional distress is based on something or some event other than McKenney's illness and death, Plaintiffs failed to exhaust their administrative remedies on the claim and the court lacks subject matter jurisdiction over the claim. The United States has not moved to dismiss Plaintiff's property damage claim, which was asserted in the administrative claim, but it is limited to the $5000 sought in the claim Plaintiffs presented to the Air Force.

Because McKenney and Craft applied for and received FECA benefits from the Department of Labor based on McKenney's illness and death, this court lacks subject matter jurisdiction over the personal injury and wrongful death claims based on his illness and death. Congress has not waived sovereign immunity for FECA claims. FECA claims are solely administrative. Courts have unanimously held that "[t]he Secretary [of Labor]'s determination that the FECA applies forecloses an FTCA claim." *Tippetts v. United States*, 308 F.3d 1091, 1094 (10th Cir. 2004). "[T]he courts have no jurisdiction over FTCA claims where the Secretary determines that FECA applies." *Sw. Marine Inc. v. Gizoni*, 502 U.S. 81, 90 (1991). Accordingly, FECA is the sole remedy for Plaintiffs' personal injury and wrongful death claims based on McKenney's illness and death.

Moreover, even if the court had jurisdiction over Plaintiffs' FTCA personal injury and

wrongful death claims, the United States argues that Plaintiffs' claims would be substantively barred under the UODA and UWCA's exclusive remedy provision and no other analogous private liability exists to trigger the FTCA's waiver of sovereign immunity for the personal injury and wrongful death claims based on McKenney's illness and death.  Plaintiffs, however, assert that Utah law allows an exception to the exclusive remedy provision of the UODA and UWCA where the employer knew or expected that a worker performing work-related activities would be injured.  *Helf v. Chevron*, 2009 UT 11, 203 P.3d 962 (2009).  While Plaintiffs acknowledge that the Complaint does not allege facts to bring the instant case within *Helf*'s exception, they ask the court to dismiss the claim without prejudice to refiling if such facts arise.  However, this argument fails to recognize that FECA is Plaintiffs' exclusive remedy for claims related to McKenney's illness and death.  The United States' arguments regarding the UODA only provided an alternative basis for dismissal if the court analyzed the issue under the FTCA.  Because the court concludes that it lacks jurisdiction over Plaintiffs' FTCA claims because FECA is Plaintiffs' exclusive remedy for the personal injury and wrongful death claims, the court need not reach this alternative basis for dismissal.

## CONCLUSION

Based on the above reasoning, the court grants the United States' Partial Motion to Dismiss Plaintiffs' Complaint [ECF No. 9].

DATED this 20th day of July, 2020.

BY THE COURT:

Dale A. Kimball,
United States District Judge